UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AMERICA WEST BANK MEMBERS, L.C.,<br><br>Plaintiff,<br><br>v.<br><br>STATE of UTAH; UTAH DEPARTMENT OF FINANCIAL INSTITUTIONS; G. EDWARD LEARY, an individual; and JOHN DOES 1-20,<br><br>Defendants. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL THE FDIC (DOC. NO. 93) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL THE STATE OF UTAH (DOC. NO. 94)**<br><br>Case No. 2:16-cv-00326-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff America West Bank Members, L.C.'s ("America West")

Motion to Compel the Federal Deposit Insurance Corporation ("FDIC") to Comply with the

Plaintiff's Subpoena for Production of Documents and to Make Available at Least One 30(b)(6)

Witness for Deposition (Doc. No. 93), and Plaintiff's Motion to Compel the State of Utah

Through the Utah Department of Financial Institutions ("UDFI") to Produce Documents and

Information (Doc. No. 94).  The court held a hearing on these motions on June 14, 2021.

### A.  America West's Motion to Compel the FDIC to Comply (Doc. No. 93)

America West seeks a court order compelling the FDIC to provide a "full response to its

subpoenas and designate a 30(b)(6) witness."  (Doc. No. 93.)  America West notes the unusual

circumstances of this case, where it, as the plaintiff, does not have access to its own records

because the FDIC, as receiver, asserted a property interest over all the records and prevented

1

bank personnel from removing or copying bank records.  America West contends the FDIC's

claims of privilege and challenges to relevancy and proportionality are baseless.

The FDIC opposes the motion and argues all of America West's requests, except request

number ten, are subject to *Touhy* regulations.  According to the FDIC, denial of a *Touhy* request

must be addressed in an independent action seeking APA review.  (Doc. No. 101.)  As to request

number ten, the FDIC concedes it is not subject to *Touhy* regulations.  However, the FDIC

argues the request for all bank records (approximately sixteen million records) is neither relevant

nor proportional.

The State of Utah, UDFI, and G. Edward Leary (collectively, "State Defendants") also

oppose America West's motion.  They argue it is untimely.  According to the State Defendants,

Doug Durbano, America West's attorney, owner, and president, was given a full accounting of

the contents of America West's server in 2009, and should have requested anything related to it

well before now.  (Doc. No. 104.)  Further, the State Defendants claim the discovery sought is

disproportionate to the needs of the case, especially where America West has never identified

which documents or categories of documents it believes are relevant.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, a party "may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case."  Fed. R. Civ. P. 26(b).  But America West has not

presented any argument for how all sixteen million documents are relevant or proportional to the

needs of the case.  While there was some dispute at the hearing about what information America

West has regarding the contents of the server, both parties referred to an index.  This should

enable America West to significantly limit and specify the documents needed—or to at least meaningfully meet and confer as to how to narrow its request.

At this point in time, America West has not met its burden to establish the sixteen million documents requested are relevant or proportional to the case.  Therefore, as to request number ten, America West's motion is DENIED without prejudice.  The parties are ordered to meaningfully meet and confer on this issue.  In the event America West and the FDIC cannot agree as to the document production after this meaningful meeting and conferral, any future discovery motion must be much more specific as to which documents, or categories of documents are sought, why the request is relevant and proportional, and why any objections lack merit.

As to the remaining document requests in the subpoena, America West's motion is DENIED without prejudice because America West has not established this court has jurisdiction over these requests.  The denial is without prejudice only because the *Touhy* issue was not fully briefed by the parties.  Lastly, America West's motion is DENIED without prejudice insofar as it seeks a 30(b)(6) witness.  Although this request appeared in the caption of the motion, America West made no argument regarding this issue in its motion.  Moreover, as noted at the hearing, it may be more fitting to raise this issue after a ruling on America West's motion to amend.

**B.  Plaintiff's Motion to Compel the State of Utah through the UDFI to Produce Documents and Information (Doc. No. 94)**

America West seeks a court order compelling the UDFI to provide a "full response to its second set of discovery."  (Doc. No. 94.)  America West notes the UDFI and the FDIC operate under a memorandum of understanding whereby neither party will produce the other's documents in litigation without providing the other an opportunity to review the documents and

assert and privileges or objections.  Here, America West argues the FDIC asserted baseless

privileges and objections, preventing the UDFI from producing the documents.

It is not clear from American West's catch-all motion which documents it believes are

improperly withheld.  But it appears, at a minimum, America West takes issue with every

document the FDIC withheld pursuant to the bank-examination privilege.  The FDIC opposes the

motion because America West does not identify which documents are at issue or why the other

listed privileges do not apply.  (Doc. No. 105.)  The State Defendants oppose the motion on the

grounds that it does not identify the relief sought or the basis for the relief.  (Doc. No. 106.)

Although America West takes issue with the FDIC's claim of bank-examination

privilege, it fails to identify which documents the privilege does not shield and to explain why.

For instance, nowhere does America West argue how any documents shielded by bank-

examination privilege contain purely factual material as opposed to agency recommendations.

Further, America West does not explain how the other privileges asserted as to the listed

documents, such as work-product privilege, are inapplicable or improper.  It is impossible, under

these circumstances, to rule in America West's favor.  Accordingly, the motion is DENIED

without prejudice.

DATED this 18th day of June, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

4