UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AMERICA WEST BANK MEMBERS, L.C.,<br><br>Plaintiff,<br><br>v.<br><br>STATE of UTAH; UTAH DEPARTMENT OF FINANCIAL INSTITUTIONS; G. EDWARD LEARY, an individual; and JOHN DOES 1-20,<br><br>Defendants. | **MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER (DOC. NO. 100)**<br><br>Case No. 2:16-cv-00326-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is the Utah Department of Financial Institutions' ("UDFI") and G. Edward Leary's (collectively, "State Defendants") motion to amend their answer, ("Mot.," Doc. No. 100). For the reasons below, the court GRANTS in part and DENIES in part the motion.[1]

BACKGROUND

State Defendants seek leave to amend paragraphs 100 and 101 of their answer to the Second Amended Complaint ("amended complaint"). (*Id.* at 2.) State Defendants contend that in paragraph 100 of their answer, they inadvertently responded to allegations from paragraphs 100 and 101 of the amended complaint. (*Id.*)

Paragraph 100 of the amended complaint asserts: "As relayed by Paul Allred to Mr. Durbano, the Court asked Commissioner Leary how much capital infusion would be required to meet the minimum capital requirements and Commissioner Leary told the judge that he did not

---

[1] Pursuant to DUCivR 7-1(f) the court decides the motion on the written memoranda.

1

know." (Sec. Am. Compl. 15, Doc. No. 33.) State Defendants' answer to this paragraph currently states: "State Defendants admit the allegations in paragraph 100 that Leary knew the minimum capital requirements for the Bank and deny that a faulty methodology was employed by UDFI or Leary." (Answer 16, Doc. No. 36.) State Defendants seek to amend this to: "State Defendants admit Judge Morris asked Commissioner Leary how much capital infusion would be required for the Bank to meet the minimum capital requirements. State Defendants deny the remaining allegations in paragraph 100 of the Complaint." (Ex. A to Mot. 16, Doc. No. 100-1.)

Paragraph 101 of the amended complaint asserts: "Commissioner Leary, however, would or should have known how much capital would be required to meet the minimum requirements because this information must have been in his joint examination report (even as calculated under the faulty methodology)." (Sec. Am. Compl. 15, Doc. No. 33.) State Defendants' answer to this paragraph currently states: "State Defendants deny the allegations in paragraph 101 of the Complaint. State Defendants affirmatively assert that the examination report referred to in Plaintiff Complaint was not a joint report." (Answer 16, Doc. No. 36.) State Defendants seek to amend the response to paragraph 101 to: "State Defendants admit that when testifying before Judge Morris at the May 1, 2009 Hearing, Commissioner Leary would or should have known how much capital would be required for the Bank to meet the minimum capital requirements. State Defendants deny the remaining allegations in paragraph 101 of the Complaint." (Ex. A to Mot. 16–17, Doc. No. 100-1.) According to State Defendants, this amendment affirms Commissioner Leary knew how much capital was required and removes the "inaccurate affirmative assertion that the referenced report of examination was not a joint report." (Mot. 2, Doc. No. 100.)

State Defendants contend neither of the proposed amendments changes the substance of the original responses, instead, they merely clarify and correct errors. (*Id.* at 6–7.) Plaintiff America West Bank Member, L.C. ("America West") does not oppose State Defendants' motion to the extent it seeks to correct the response to paragraph 101. (Mem. in Partial Opp'n to Defs.' Mot. for Leave to File Am. Answer ("Opp'n") 2, Doc. No. 121.) But America West objects to what it characterizes as State Defendants' attempt to withdraw their admission to paragraph 100. (*Id.*) Further, America West disputes State Defendants' assertion that the proposed amendment would not substantively change their original response. (*Id.*)

## LEGAL STANDARD

After expiration of the time in which a pleading may be amended as a matter of course, a party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id*. A district court's decision to grant or deny leave to amend under Rule 15 falls within its discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Courts may deny leave to amend "only for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (internal quotation marks omitted).

## ANALYSIS

The court first considers State Defendants' proposed amended to paragraph 100. America West objects to this proposed amendment as unduly delayed and asserts it is a substantive change.

1. **Undue Delay**

Undue delay provides a basis for denying a motion to amend.  *Lockheed Martin Corp.*, 558 F.3d at 1166.  Although "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action," at some point the delay becomes "undue."  *Minter*, 451 F.3d at 1205 (internal quotation marks omitted).  The longer a party waits to amend, the more likely a court will deny the motion to amend as "protracted delay."  *Id*.  The critical inquiry is how much time elapsed between the time of filing the motion to amend and the discovery of the facts on which the amendment is based.  *See Leatherwood v. Rios*, 705 F. App'x 735, 740 (10th Cir. 2017) (unpublished).  In this district, a delay of four months has been found to be undue.  *See Estate of Riecke v. BSA*, No. 2:16-cv-01044, 2017 U.S. Dist. LEXIS 169034, at **7–8 (D. Utah Oct. 11, 2017) (unpublished) (denying a motion to amend to add new defendants where plaintiff waited four months after learning of their involvement); *see also Klaassen v. Atkinson*, No. 13-2561-DDC, 2016 WL 1715434, at *1 (D. Kan. Apr. 29, 2016) (unpublished) ("Because plaintiff did not move to amend until nearly four months after discovering the information giving rise to the proposed claims and because plaintiff has not provided an adequate reason for the delay, the court holds that plaintiff has unduly delayed.")

When determining whether a delay is undue, courts focus "primarily on the reasons for the delay."  *Minter*, 451 F.3d at 1206.  While the fact that a motion to amend "is filed within the court's scheduling deadline" is "evidence that the delay was not undue," the moving party must still adequately explain the delay.  *Lauer v. Credit Collection Servs.*, No. 1:14-cv-00062, 2015 U.S. Dist. LEXIS 48601, at *4 (D. Utah Apr. 13, 2015) (unpublished).  Failure to do so makes denial appropriate.  *Minter*, 451 F.3d at 1206.

State Defendants' motion with regard to paragraph 101 must be denied as unduly

delayed. First, State Defendants waited a significant amount of time before seeking amendment. Even assuming State Defendants were not aware of the alleged error until March 20, 2019, the day they filed their opposition to America West's motion for summary judgment, (Doc. No. 49), State Defendants waited more than two years to bring the motion to amend. Two years is significantly longer than the four-month delay courts in this district have found to be undue. A two-year delay is simply not reasonable.

This lengthy delay is particularly unreasonably where State Defendants offer no justification for it. Instead, they suggest the length of delay is immaterial because America West knew of State Defendants' intended response as of the time State Defendants filed their opposition to the motion for summary judgment. (Mot. 8, Doc. No. 100, Reply in Support of Mot. to Amend Answer ("Reply") 3, Doc. No. 131.) State Defendants offer no legal authority to support the claim that an opposing party's alleged awareness of their true intended response changes the analysis of undue delay. Such a rule would effectively allow a party to amend a pleading at any time, so long as the other party was alleged to be on notice at some distant point in the case. This rule is unworkable, as it would require parties to guess the "real" response of the opposing party, rather than accepting pleadings at face value.

State Defendants further suggest that amendment is not necessary, citing Rules 15(b)(2) and 26(e) of the Federal Rules of Civil Procedure. (Reply 4, Doc. No. 131.) But State Defendants cite no authority showing the applicability of these rules to a pretrial motion to amend. Rule 15(b)(2) applies to amendments during and after trial based on issues tried by the parties' consent, but not raised in the pleadings. Fed. R. Civ. P. 15(b)(2). This case is in the pretrial stage and this issue has not been tried by the parties' implicit or explicit consent. Moreover, the issue is raised by a pleading: the very pleading State Defendants seek to amend.

Rule 26(e) governs supplementing initial disclosures and discovery responses in a timely manner. Fed. R. Civ. P. 26(e). It does not govern amendment of pleadings. State Defendants have not established how either of these rules apply to their motion.

Ultimately, State Defendants waited two years to amend their answer without providing any reason or explanation for the delay. Accordingly, the motion to amend is unduly delayed.

### 2. Undue Prejudice

Although undue delay is a sufficient reason, on its own, to deny the motion to amend, *see Lockheed Martin Corporation*, 558 F.3d at 1166, the proposed amendment would also cause undue prejudice, *see Minter*, 451 F.3d at 1207.

State Defendants argue the proposed amendment does not change the substance of the answer. (Mot. 8, Doc. No. 100, Reply 3, Doc. No. 131.) This argument cuts two ways. If the proposed amendment does not change the substance of the answer, any justification for the amendment is less weighty. And if it does change the substance of the answer, considerations of prejudice to the opposing party arise. State Defendants also contend their original response is ambiguous and clearly an error. (Reply 2, Doc. No. 131.) For its part, America West argues the proposed change to paragraph 100 is substantive and significant.[2] (Opp'n 5, Doc. No. 121.)

It is not clear State Defendants' response to paragraph 100 reflects an error (i.e., that State Defendants instead intended it as a response to paragraph 101). While inartfully drafted, paragraph 100 of the answer appears to be responsive to paragraph 100 of the amended complaint. Paragraph 100 of the amended complaint asserts Commissioner Leary told the judge he did not know how much capital infusion would be required to meet the bank's minimum

---

[2] While America West does not specifically argue it is prejudiced, the argument that the change is substantive and significant amounts to the same thing.

capital requirements. (Sec. Am. Compl. 15, Doc. No. 33.) And State Defendants answered by way of an admission, but asserted Commissioner Leary knew the minimum capital requirements for the bank. (Answer 16, Doc. No. 36.) This answer is not facially erroneous as it is possible for Commissioner Leary to know the minimum capital requirements but for State Defendants to admit he told the judge he did not.[3] Likewise, the answer is not unresponsive to America West's assertion. The reference to the methodology in State Defendants' answer does not change this, as methodology was referred to throughout the amended complaint, including in the immediately preceding paragraph, number 99. Permitting State Defendants to amend their answer to paragraph 100 to admit only that the judge asked Commissioner Leary about the minimum capital requirements—but to deny everything else—is a substantive change, not a simple correction.

This substantive change, proposed three years after State Defendants filed their answer and at least two years after becoming aware of the alleged mistake creates prejudice to America West. If this amendment were allowed, America West would be prejudiced because this is a significant change to a pleading in the case, years after it was originally filed. And, as State Defendants point out in their opposition to America West's motion to amend, substantive motions have already been decided in this case, including a motion to dismiss (Doc. No. 29) and America West's partial summary judgment motion (Doc. No. 64). (Opp'n to Mot. for Leave to

---

[3] State Defendants assert the only admission in paragraph 100 of their answer is that Commissioner Leary knew the minimum capital requirements. (Reply 2–3, Doc. No. 131.) The court need not decide the evidentiary impact of State Defendants' answer. However, as provided by Rule 8 of the Federal Rules of Civil Procedure, "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6); *Matthews v. S. Ogden City*, No. 1:03-cv-00117, 2005 U.S. Dist. LEXIS 55660, at *11–12 (D. Utah Mar. 7, 2005) (unpublished). State Defendants are free to argue the denial was implicit and to proffer evidence of that fact, just as America West is free to counter that argument.

File Am. Compl. 7, Doc. No. 108.)  Undue prejudice is also shown by the fact that both parties have litigated the significance of State Defendants' answer to paragraph 100 of the amended complaint in summary judgment pleadings.  (*See* Pl.'s Mot. for Partial S.J. 9, Doc. No. 45; Mem. in Opp'n to Pl.'s Mot. For Partial S.J. 10–11, Doc. No. 49; Pl.'s Reply in Support of Mot. for Partial S.J. 10–12, Doc. No. 51.)  Not only does this reflect an expenditure of time and money by both sides, it shows the significance of this issue.  Allowing State Defendants to substantively reconfigure their answer after the fact would turn this disputed issue into a settled matter in State Defendants' favor, thereby moving the needle in their direction.  At this stage of the case, this fits the definition of undue prejudice.

Where State Defendants offer no justification at all for the significant delay in seeking to amend their answer, and the proposed amendment to paragraph 100 would cause undue prejudice, State Defendants' motion to amend is DENIED insofar as it seeks to amend its answer to paragraph 100 of the amended complaint.

Next, the court considers the proposed amendment to paragraph 101.  For the same reasons the amendment to paragraph 100 is unduly delayed, the amendment to paragraph 101 is also unduly delayed.  However, here America West does not object to State Defendants' proposed amendment to their answer to paragraph 101.  (Opp'n 2, 5, Doc. No. 121.)  America West agrees with State Defendants that the original response to paragraph 101 is factually incorrect.  (*Id.*)  While it is unduly delayed, where there is no objection and Rule 15(a)(2) provides that leave to amend should be "freely give[n] . . . when justice so requires," the court GRANTS State Defendants' motion insofar as it seeks to amend its answer to paragraph 101.

## CONCLUSION

The court ORDERS State Defendants to file an amended answer within fourteen days of

this order that amends the response to paragraph 101 as proposed in Doc. No. 100-1 but leaves paragraph 100 unchanged.  Once filed, the amended answer will be the operative response in this case.

      DATED this 26th day of August, 2021.

                        BY THE COURT:

                        _____
                        Daphne A. Oberg
                        United States Magistrate Judge