UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AMERICA WEST BANK MEMBERS, L.C.,<br><br>       Plaintiff,<br><br>v.<br><br>STATE of UTAH; UTAH DEPARTMENT OF FINANCIAL INSTITUTIONS; G. EDWARD LEARY, an individual; and JOHN DOES 1-20,<br><br>       Defendants. | **MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENA (DOC. NO. 140)**<br><br>Case No. 2:16-cv-00326-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

      Before the court is John R. Morris' motion to quash a subpoena, ("Mot.," Doc. No. 140). The court heard oral argument on this motion on August 26, 2021. For the reasons stated below and at the hearing, the court GRANTS in part and DENIES in part the motion.

BACKGROUND

      Plaintiff America West Bank Members, L.C. ("America West") brought this action against Defendants State of Utah, Utah Department of Financial Institutions (the "UDFI"), and G. Edward Leary (collectively, the "State Defendants"), asserting violations of due process and substantive due process, unconstitutional takings, and claims under 42 U.S.C. § 1983 and § 1988. (Am. Compl., Doc. No. 33.) In 2016, the State Defendants removed this case to federal court. (Doc. No. 2.)

      According to America West, as of 2007, America West Bank received good ratings on its regulatory reviews. (Am. Compl. 3, Doc. No. 33.) Then, in early 2008, the Federal Deposit Insurance Corporation (the "FDIC") and the UDFI changed their temperament toward the bank

1

and the relationship became hostile and aggressive.  (*Id.* at 4.)  Despite improved performance from 2007 to 2008, America West received very low ratings on its 2008 review.  (*Id.* at 5.)  On May 1, 2009, the UDFI petitioned the State Court of Utah for an order granting it possession of the Bank.  (*Id.* at 9.)

At issue here is America West's subpoena to retired Judge John R. Morris to testify and to produce documents relating to the State Defendants' alleged ex parte communications with Judge Morris in the 2009 receivership case.[1]  (Mot. 2, Doc. No. 140.)  Judge Morris moves to quash the subpoena on the grounds that he has no recollection of the case, bank receivership proceedings are ex parte by nature, judges should not be compelled to testify about the adjudicative process, his testimony is not essential, and he is not the only source of the information America West seeks.  (*Id.* at 1–2.)  America West objects to the motion to quash, arguing it does not meet the requirements of Rule 45 of the Federal Rules of Civil Procedure, America West does not seek testimony about Judge Morris' mental processes, and Judge Morris' testimony is essential.  (Opp'n to Mot. to Quash ("Opp'n"), Doc. No. 168.)

## LEGAL STANDARD

Rule 45 establishes the standards for quashing subpoenas.  The court must quash or modify a subpoena which "fails to allow a reasonable time to comply;" "requires a person to comply beyond the geographical limits specified in Rule 45(c);" "requires disclosure of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  However, counsel for Judge Morris does not argue the motion falls under Rule 45.

---

[1] Because Judge Morris did not move to quash the subpoena as to production of documents, that aspect of the subpoena is not addressed.

2

Neither party submitted controlling authority on the issue of subpoenaing judges, and Judge Morris indicated Utah has yet to address this situation directly, (Mot. 3, Doc. No. 140). However, the approach of other districts is helpful and informative. For instance, the Southern District of New York has determined a judge "may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties." *United States v. Roth*, 332 F. Supp. 2d 565, 567 (S.D.N.Y. 2004). In other words, the circumstances under which a judge may testify are limited strictly limited: "a judge may only be required to testify if he (1) possesses factual knowledge, (2) that knowledge is highly pertinent to the jury's task, and (3) is the only possible source of testimony on the relevant factual information." *Id.* at 568.

## ANALYSIS

Only testimony regarding Judge Morris' factual knowledge is at issue. America West stipulated that it would strictly limit its questions to Judge Morris' "*factual* knowledge of circumstances and events related to ex parte communications" and will not ask questions related to "his judicial reasoning or decision-making process in granting the Order Approving Possession." (Opp'n 4, Doc. No. 168 (emphasis in original).)

The first question is whether Judge Morris possesses factual knowledge regarding the ex parte communications. *See Roth*, 332 F. Supp. 2d at 568. Although Judge Morris has indicated he does not remember the underlying 2009 action, (Mot. 2, Doc. No. 140), this is not the end of the inquiry. At the hearing, America West indicated it intended to produce various emails to refresh Judge Morris' recollection—and agreed to terminate the deposition if this did not work. Counsel for Judge Morris did not dispute that these emails may refresh Judge Morris'

3

recollection. If Judge Morris' recollection is successfully refreshed, he will have factual knowledge of the communications.

The next consideration is the degree to which Judge Morris's knowledge is pertinent to the jury's task. *See Roth*, 332 F. Supp. 2d at 568. America West argues the alleged ex parte communications support its claim of denial of due process, making Judge Judge Morris' factual knowledge highly pertinent to the case. (Opp'n 4–5, Doc. No. 168.) Counsel for Judge Morris did not dispute that the existence of ex parte communications with Judge Morris may be pertinent to this cause of action. However, Judge Morris contends his testimony will not alter the trajectory of the case because the court has already determined Judge Morris did not simply rubber stamp the verified petition regarding the bank's possession. (Mot. 11, Doc. No. 140.) Counsel relies on the court's summary judgment order in support of this argument. (*See* Mem. Dec. and Order Den. Pl.'s Mot. for Partial S.J., Doc. No. 64.) However, the section of the order cited relates to the fact that Judge Morris granted the verified petition based on the information in a report as opposed to false statements or material omissions. (*See id.* at 29–32.) This does not resolve whether the State Defendants engaged in ex parte communications with Judge Morris or whether any such communications contributed to a denial of due process. These considerations are pertinent to America West's claims.

The final—and primary—issue is whether Judge Morris is the sole source of the information about the alleged ex parte communications. *See Roth*, 332 F. Supp. 2d at 568. Judge Morris contends he is not. He argues America West can garner the same information from underlying court records, emails, a memorandum provided by the defendants, and from another witness: Perri Ann Babalis. (Mot. 8, Doc. No. 140.) However, it is undisputed that the audio recording of the formal hearing has been destroyed and that complete email records may no

longer be available. (*Id.*; Opp'n 7, Doc. No. 168.) And while Ms. Babalis is a potential alternative source of information regarding the ex parte communications, America West contends she is an incomplete and unreliable source because she was "evasive and uncooperative" during her deposition. (Opp'n 6, Doc. No. 168.) America West provided examples of this, such as Ms. Babalis' responses denying having ex parte communications with the judge. (*Id.* at 5; *see also* Babalis Dep. 31:9–32:6, Ex. 2 to Opp'n., Doc. No. 168-2.)

America West has shown that neither the underlying court records nor Ms. Babalis are sufficient sources of information as to the alleged ex parte communications. The court's comments on this prong in *United States v. Roth*, 332 F. Supp. 2d 565, are informative. In *Roth*, both the government and the defendants had an opportunity to present witnesses to support their respective theories and as to what was said and done. *Id.* at 569. The *Roth* court specifically observed that if, instead, the defendant had elected to not to testify, the "[c]ourt's inquiry would have been different and there is a greater question as to whether or not this prong . . . would have been satisfied." *Id.* at 570 n.4. In this case, it is significant that Ms. Babalis, the only other party to the communications (who America West contends is an interested party), did not provide full testimony on the issue.

Counsel for Judge Morris also relied on *Bliss v. Fisher*, 714 F. Supp. 2d 223 (D. Mass. 2010), in support of her arguments. (*See* Mot. at 8–9, Doc. No. 140.) In *Bliss*, the court denied a request to have a judge testify about a prior proceeding. 714 F. Supp. 2d at 225. However, the court noted the subpoenaing party did not specify the purpose for the judge's testimony. *Id.* The court also relied on the fact that the information could likely be garnered from a transcript or testimony of other witnesses who were present at the previous proceeding. *Id.* But in this case, there is no indication any transcripts exist of the alleged ex parte communications, and America

5

West already attempted to obtain information from the only other witness to them. Accordingly, America West has sufficient shown factual information about the alleged ex parte communications cannot be obtained by any means other than Judge Morris.

For these reasons, a deposition is warranted. Yet there is no doubt depositions of judges are generally disfavored, as they carry inherent risks of disclosure of adjudicative processes and the judge's mental impressions. To adequately protect against this disclosure, any questioning of Judge Morris must be strictly limited. America West is limited to conducting a deposition by written questions only, pursuant to Rule 31 of the Federal Rules of Civil Procedure. These deposition questions must be geared to elicit factual information only.

Accordingly, Judge Morris' motion (Doc. No. 140) is GRANTED in part and DENIED in part. The subpoena is not quashed, but the deposition shall be conducted by way of written questions only. America West and counsel for Judge Morris are ordered to meet and confer meaningfully and in good faith as to the specifics of the deposition process.

DATED this 8th day of September, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge