UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AMERICA WEST BANK MEMBERS, L.C., <br><br> Plaintiff, <br><br> v. <br><br> STATE of UTAH; UTAH DEPARTMENT OF FINANCIAL INSTITUTIONS; G. EDWARD LEARY, an individual; and JOHN DOES 1-20, <br><br> Defendants. | **MEMORANDUM DECISION GRANTING MOTION TO STRIKE "CORRECTIONS" TO ERIC SHEEHAN DEPOSITION (DOC. NO. 175)** <br><br> Case No. 2:16-cv-00326-CW-DAO <br><br> Judge Clark Waddoups <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is the Utah Department of Financial Institutions' ("UDFI") and G. Edward Leary's (collectively, the "State Defendants") Motion to Strike Corrections to Eric Sheehan Deposition, ("Mot.," Doc. No. 175). The court heard oral argument on this motion on August 26, 2021. (*See* Doc. No. 194.) For the reasons stated below and at the hearing, the court GRANTS the motion.

BACKGROUND

Plaintiff America West Bank Members, L.C. ("America West") brought this action against defendants, asserting violations of due process and substantive due process, unconstitutional takings, and claims under 42 U.S.C. § 1983 and § 1988. (Am. Compl., Doc. No. 33.) In 2016, the State Defendants removed this case to federal court. (*See* Doc. No. 2.)

At issue here is an errata submitted by nonparty deponent Eric Sheehan. (Mot. 2, Doc. No. 175.) The State Defendants contend Mr. Sheehan's changes are substantive and speculative and request they be struck. (*Id.* at 3.) America West objects to the motion, arguing the changes

1

are permissible to clarify and correct Mr. Sheehan's testimony and, in any event, the issue is premature, as there is no pending motion for summary judgment.  (Pls.' Mem. in Opp'n to Mot. to Strike "Corrections" to Eric Sheehan Dep. [175] ("Opp'n"), Doc. No. 178.)

## LEGAL STANDARDS

Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to review the transcript of her deposition and make any "changes in form or substance," to the transcript.  Fed. R. Civ. P. 30(e).  While Rule 30(e) contemplates changes in substance, the Tenth Circuit narrowly interprets the rule's scope.  *Fullbright v. State Farm Mut. Auto. Ins. Co.*, No. CIV-09-297-D, 2010 U.S. Dist. LEXIS 8820, at *4 (W.D. Okla. Feb. 2, 2010) (unpublished).  The purpose of the rule is to permit a deponent to correct discrete errors.  *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002).  For example, if the court reporter made "a substantive error, i.e., [the reporter] reported 'yes' but [the deponent] said 'no,' or a formal error, i.e., [the reporter] reported the name to be 'Lawrence Smith' but the proper name is 'Laurence Smith,' then corrections by the deponent would be in order."  *Id.* (internal quotation marks omitted).  However, the rule does not "allow one to alter what was said under oath."  *Id.*  In other words, "[a] deposition is not a take home examination."  *Id.*

When evaluating an errata, the court must first determine whether the requested changes are material.  *Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 784 (10th Cir. 2021); *Fullbright*, 2010 U.S. Dist. LEXIS 8820, at *6.  If the changes are material, the court evaluates them pursuant to the test for sham affidavits using the *Burns/Franks* factors.  *Sinclair Wyo. Ref. Co.*, 989 F.3d at 784 (citing *Burns v. Bd. of Cnty. Cmm'rs of Jackson Cnty.*, 330 F.3d 1275, 1281–82 (10th Cir. 2003)).  These factors are: "1. whether the [deponent] was cross-examined during his earlier testimony; 2. whether the [deponent] had access to the pertinent evidence at the

time of his earlier testimony or whether the [change to deposition testimony] was based on newly discovered evidence; and 3. whether the earlier testimony reflects confusion which the [Rule 30(e) correction] attempts to explain." *Id.* at 784–85 (internal quotation marks omitted). Notably, this analysis applies regardless of whether there is a related motion for summary judgment pending. *See id.* at 785 (noting neither the case law nor Rule 30(e) limits this analysis to deposition testimony considered at summary judgment).

ANALYSIS

America West's argument as to the prematurity of the State Defendants' motion is settled by the Tenth Circuit's recent decision, *Sinclair Wyoming Refining Company*, which makes clear this issue is not premature. *See id.* The next consideration is whether Mr. Sheehan's changes are material. In his errata, Mr. Sheehan substantially expands upon his answers, providing substantive information and additional speculation in response to the questions. (*See* Ex. A, Doc. No. 175-1.) Mr. Sheehan's changes are not simple corrections of mistakes or misunderstandings but rather, elaborate, substantive alterations to his testimony. Because the changes are material, the errata must be considered under the *Burns/Franks* factors.

With regard to the first factor, it is undisputed Mr. Sheehan was cross-examined at his deposition. (Mot. 2–3, Doc. No. 175); *cf. Sinclair Wyo. Ref. Co.*, 989 F.3d at 785 (finding this factor satisfied when the deponent's counsel was present and had an opportunity to conduct cross-examination). Second, the changes were not based on newly discovered evidence. America West suggests they were, noting Mr. Sheehan did not review relevant documents before the deposition, then, after, he reviewed the transcript along with an earlier statement. (Opp'n 3, Doc. No. 178.) However, there is no indication Mr. Sheehan lacked access to the pertinent

document before his deposition or that the changes were otherwise based on newly discovered evidence.

With regard to the final *Burns/Franks* factor, Mr. Sheehan's deposition testimony does not reflect confusion which the changes attempt to explain. Neither Mr. Sheehan nor America West point to any part of the transcript establishing Mr. Sheehan was confused or did not understand the questions posed. Instead, they complain of assertive and controlling questioning. For instance, America West asserts "defense counsel's questioning cut off full and complete answers." (Opp'n 3, Doc. No. 178.) And Mr. Sheehan notes, "the line of questioning Mr[.] Geary used didn't really give me an opportunity to expand on his questions." (Ex. 3. to Opp'n, Doc. No. 178-3.) This is not the same as confusion. There is no doubt assertive questioning can constrain a deponent's answers. Most witnesses would respond much more fully and with more detail if able to provide a free narrative. But that is neither the purpose nor the procedure of a deposition.

All three *Burns/Franks* factors favor striking the errata. Mr. Sheehan's suggested correction would convert his deposition into an impermissible "take home examination." Accordingly, the court GRANTS the motion and strikes Mr. Sheehan's errata.

DATED this 16th day of September, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge