UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AMERICA WEST BANK MEMBERS, L.C.,<br><br>             Plaintiff,<br><br>v.<br><br>STATE of UTAH; UTAH DEPARTMENT OF FINANCIAL INSTITUTIONS; G. EDWARD LEARY, an individual; and JOHN DOES 1-20,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART SHORT FORM MOTION TO COMPEL WITNESS RECORDINGS (DOC. NO. 220)**<br><br>Case No. 2:16-cv-00326-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is a Short Form Discovery Motion to Compel Witness Recordings ("Mot.," Doc. No. 220), filed by Defendants Utah Department of Financial Institutions (the "UDFI"), and G. Edward Leary (collectively, the "State Defendants"). The court heard argument on this motion on October 18, 2021. (Doc. No. 227.) For the reasons stated below and at the hearing, the motion is granted in part and denied in part.

BACKGROUND

Counsel for Plaintiff America West Bank Members, L.C. ("America West") contacted Tyson Sill, a current employee of the Federal Deposit Insurance Corporation (the "FDIC") and a former UDFI employee, without his counsel present.[1] (Order 1, Doc. No. 141.) As a result, the FDIC sought disqualification of counsel and the UFDI sought a protective order, pursuant to

---

[1] Mr. Sill is represented both by counsel for the FDIC and counsel for the UDFI in relation to this case. (Doc. Nos. 87, 88.)

Rule 4.2 of the Utah Rules of Professional Conduct.[2]  (*See id.*)  The court concluded counsel knew or should have known Mr. Sill was represented.  However, the court found disqualification to be an unduly severe sanction and instead issued a protective order.  (*Id.* at 2–3.)

The current motion arises from America West's representation that counsel recorded his unauthorized conversation with Mr. Sill.  (Mot. 2, Doc. No. 220.)  The State Defendants seek a copy of this recording and an order requiring America West to destroy any copies it has in its possession, custody, or control.  (*Id.*)  Lastly, the State Defendants seek an order requiring America West to produce any other recordings of communications between America West's counsel and "any other present or former UDFI employees in violation of Utah Rule of Professional Responsibility 4.2(a)."  (*Id.*)

## ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure provides, "[a]ny party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter."  Fed. R. Civ. P. 26(b)(3)(C).  The State Defendants assert they are entitled to a copy of the recording pursuant to Rule 26 because Defendants' counsel represented Mr. Sill in his deposition.  (Mot. 3, Doc. No. 220.)  According to the State Defendants, they should also be given a copy of the recording because they have the right "to know the full extent of [the] ethical violation," and without a copy of the recording, they are unable to prevent America West from profiting from the impermissible conduct.  (*Id.*)  Further,

---

[2] Rule 4.2 of the Utah Rules of Professional Conduct prohibits a lawyer, in representing a client, from "communicat[ing] about the subject of the representation with a person the lawyer knows to be represented by a legal professional in the matter, unless the lawyer has the consent of the legal professional."  Utah R. Prof'l. Conduct 4.2(a).

the State Defendants contend America West should not be permitted to retain the fruits of its counsel's ethical violation.  (*Id.*)

America West acknowledges it has a recording of a telephone communication between America West's counsel and Mr. Sill.  (Pl.'s Opp'n to Defs.' Short Form Disc. Mot. to Compel Witness Recording ("Opp'n") 2, Doc. No. 224.)  However, America West argues Rule 26 is inapplicable because it only permits the person who made the prior statement to request a copy of a recording.  (*Id.*)  America West contends the motion was brought on behalf of the State Defendants, which does not include Mr. Sill.  (*Id.*)  According to America West, this recording is part of "informal discovery" conducted by America West's counsel and is protected by the work-product doctrine.

America West cites a case out of the Northern District of Oklahoma to support its claim of work-product protection.  (*See id.* at 3.)  There, plaintiff's counsel made a recording of an interview of a nonparty, who was a former employee of the defendant, without the nonparty's knowledge.  *Burke v. Glanz*, No. 11-cv-720, 2013 U.S. Dist. LEXIS 68983, at *4 (N.D. Okla. May 15, 2013) (unpublished).  The court held the nonparty was entitled to a copy of the recording under Rule 26(b)(3)(C), but that "the Rule does not provide a work product exception as to persons other than the witness."  *Id.* at *6.  However, the case is distinguishable from the case at hand.  There is no indication in *Burke* that the interview resulted from an impermissible contact in violation of the rules of professional conduct.  In fact, the order suggests it was not. *See id.* at *6–7.

In contrast, here, the recording resulted from an impermissible communication.  (*See* Order, Doc. No. 141.)  And America West has not established an impermissible contact in violation of Rule 4.2 warrants work-product protection.  Other courts have "ordered parties to

produce notes, memoranda, and records made or exchanged during improper Rule 4.2 communications." *Moore v. Club Exploria, LLC*, No. 19-cv-2504, 2021 U.S. Dist. LEXIS 13741, at *32 (N.D. Ill. Jan. 26, 2021) (unpublished).  "[P]roduction of records related to or generated as a result of the *ex parte* contact . . . is equitable because it alleviates an unfair advantage gained by the prohibited Rule 4.2 communication." *Id.* at *33.  It would be inequitable to permit a party to withhold a recording of an impermissible communication under the purview of work-product protection.  Accordingly, the motion is granted insofar as the State Defendants seek a copy of the recording.

While the State Defendants are entitled to a copy of the recording, requiring destruction of the recording is unwarranted at this point.  Similarly, where there are no facts as yet suggesting the existence of any other recordings of communications made in violation of Rule 4.2, the request for production of other recordings is denied without prejudice.

<u>CONCLUSION</u>

The State Defendants' motion is GRANTED in part and DENIED in part.  The court ORDERS:

- The State Defendants' request for a copy of the recording of the conversation between America West's counsel and Mr. Sill is GRANTED.  America West is ordered to produce a copy to counsel for the State Defendants within fourteen (14) days of this order.

- The State Defendants' request for destruction of America West's copies of the recording is DENIED without prejudice.

- The State Defendants' request for copies of recordings of other communications between America West's counsel and other current or former UDFI employees in violation of

Rule 4.2(a) of the Utah Rules of Professional Responsibility is DENIED without prejudice.

DATED this 25th day of October, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge