UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AMERICA WEST BANK MEMBERS, L.C.,<br><br>Plaintiff,<br><br>v.<br><br>STATE of UTAH; UTAH DEPARTMENT OF FINANCIAL INSTITUTIONS; G. EDWARD LEARY, an individual; and JOHN DOES 1-20,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART SHORT FORM MOTION TO COMPEL ADDITIONAL DISCOVERY (DOC. NO. 201)**<br><br>Case No. 2:16-cv-00326-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

America West Bank Members, L.C. ("America West") brought this action against Defendants State of Utah, Utah Department of Financial Institutions, and G. Edward Leary (collectively, the "State Defendants"), asserting violations of due process and substantive due process, unconstitutional takings, and claims under 42 U.S.C. § 1983 and § 1988. (Am. Compl., Doc. No. 33.) Now before the court is America West's motion to compel additional discovery, ("Mot.," Doc. No. 201). The court heard argument on this motion on October 18, 2021. (*See* Doc. No. 227.) For the reasons stated below, the motion is granted in part.

BACKGROUND

America West alleges that through the discovery process, it learned the State Defendants purged or lost emails and documents. (Mot. 2, Doc. No. 201.) America West now seeks "discovery on discovery" to discern the identities of individuals whose emails would have been responsive to its discovery requests were those emails still available; the identification of

documents or categories of documents which are no longer available; and an explanation from the State Defendants as to why other responsive documents were not produced. (*Id.* at 3.)

The State Defendants object to the motion on two grounds. First, the State Defendants argue America West improperly attempts to compel discovery responses to requests which were served after the discovery deadline without a corresponding motion to re-open discovery.[1] (Opp'n to Pl.'s Short Form Mot. to Compel Add'l Disc. ("Opp'n.") 2, Doc. No. 204.) Second, the State Defendants assert America West has not met its burden to establish "discovery on discovery" is warranted. (*Id.* at 2–3.)

## LEGAL STANDARD

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, "discovery on discovery" is different because it seeks discovery on a collateral issue—a party's discovery and retention processes—as opposed to a party's claim or defense. In the Tenth Circuit, the necessary showing to justify "discovery on discovery" is unclear. At the hearing, America West argued it is enough to show the State Defendants recklessly failed to preserve evidence. The State Defendants contend America West must, instead, make a threshold showing of spoliation, including that the State Defendants acted with a "culpable state of mind." (Opp'n 2–3, Doc. No. 204.)

---

[1] The State Defendants correctly assert that America West should have filed a motion to amend the scheduling order or to reopen discovery rather than seeking to compel responses to discovery requests served after the deadline to do so. America West's approach is improper. However, at the hearing, America West represented that it was unaware of the loss of the evidence until after the deadline to serve written discovery had passed. This constitutes good cause and excusable neglect. It furthers judicial economy to dispose of this issue now rather than requiring America West to file an after-the-fact motion to amend or reopen. But America West is on notice: going forward, it must file all necessary motions and comport with this district's local rules. Failure to do so may result in denial.

Neither of these standards applies here.  America West provides no case authority supporting the idea that it need only show the State Defendants acted recklessly.  The State Defendants cite *Sinclair Wyoming Refining Company v. A&B Builders, Ltd.*, No. 15-cv-91, 2017 U.S. Dist. LEXIS 222825 (D. Wyo. Oct. 31, 2017) (unpublished), in support of their argument that America West must show they acted with culpable state of mind.  However, *Sinclair* has limited application because it relies on a spoliation standard which diverges from the widely used approach in this district.[2]  In this district, spoliation of hardcopy documents is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  *Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1194–95 (D. Utah 2011).  As for electronically stored information ("ESI"), spoliation occurs if, despite a duty to preserve, ESI "is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery."  Fed. R. Civ. P. 37(e).  Culpability of the offending party is only relevant to the severity of sanctions resulting from a finding of spoliation.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (listing culpability as a factor to consider when analyzing a request for default judgment or dismissal as a spoliation sanction); Fed. R. Civ. P. 37(e)(2) (noting certain sanctions require a "finding that the [offending] party acted with the intent to deprive another party of the information's use in the litigation").

---

[2] *Sinclair* relies on the spoliation standard from a case out of the District of Maryland: "(1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated evidence to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it."  *Sinclair Wyo. Ref. Co.*, 2017 U.S. Dist. LEXIS 222825, at *18–19 (quoting *Thompson v. U.S. Dept. of Hous. & Urban Dev.*, 219 F.R.D. 93, 101 (D. Md. 2003)).

It makes sense to allow limited "discovery on discovery" "where there is reasonable doubt about the sufficiency of a party's response." *Dalton v. Town of Silver City*, No. 17-1143, 2021 U.S. Dist. LEXIS 181328, at *14 (D.N.M. Sep. 22, 2021) (unpublished); *see also Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605, 2017 U.S. Dist. LEXIS 221098, at *27 (D. Colo. Jan. 3, 2017) (unpublished) (noting discovery on discovery "will be allowed if a party's efforts to comply with proper discovery requests are reasonably drawn into question"). This requires an adequate factual basis, not mere speculation. *See Gross v. Chapman*, No. 19 C 2743, 2020 U.S. Dist. LEXIS 133008, at *6 (N.D. Ill. July 28, 2020) (unpublished). However, even when permitted, this type of discovery must be cautiously approached, and the bounds must be strictly limited. "'[M]eta-discovery' or discovery about discovery should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum.*" *Dalton*, 2021 U.S. Dist. LEXIS 181328, at *14 (internal quotation marks omitted).

## ANALYSIS

America West argues it is entitled to "discovery on discovery" because the State Defendants concede email accounts of former UDFI employees have been purged or lost, including that of Tyson Sill, who was the bank examiner in charge of the report of examination. (Mot. 2, Doc. No. 201.) America West further alleges the State Defendants reported that some of their working papers are no longer available.[3] (*Id.*) According to America West, this

---

[3] America West also takes issue with the State Defendants' alleged failure to produce examination working papers and bank business records, which it contends were turned over to the FDIC. (Mot. 3, Doc. No. 201.) But there is no suggestion these were improperly destroyed or lost. With regard to working papers, the State Defendants represent they were purged before America West filed notice of claim. (Opp'n 3 n.2, Doc. No. 204.) With regard to bank business records, America West has not met its burden to establish there is reason to doubt (beyond mere speculation) the sufficiency of the State Defendants' responses. Indeed, America West has not established these records were ever in the State Defendants' possession, custody, or control.

4

destruction or loss all occurred after it filed its April 30, 2010 notice of claim.  (*Id.*; *see also* Ex. 1 to Mot., Doc. No. 201-1.)

The State Defendants do not dispute that several email accounts were lost.  (Opp'n 3 n.2, Doc. No. 204.)  Although there appears to have been some initial confusion as to when or why the emails were purged, the State Defendants' opposition specifies that seven former employees' email accounts were lost on November 3, 2012, when the UDFI transitioned to a new email platform.  (*Id.*; Ex. A to Opp'n, Doc. No. 204-1; *see also* Ex. 2 to Mot., Doc. No. 201-2 (noting Mr. Sill's email was purged in the ordinary course of business in September 2010, six months after he left the UDFI).)  The State Defendants do not dispute the validity of the notice of claim or that the loss occurred after receiving the notice.  Rather, they assert no loss occurred because "emails by those employees [with lost email accounts] to others have been produced as they appear in recipients' email accounts." (Opp'n 3 n.2, Doc. No. 204.)  The State Defendants note that the working papers were purged before any notice of litigation but were retained by the Federal Deposit Insurance Corporation ("FDIC") and have since been produced by the FDIC.  (*Id.*)

Where the State Defendants concede emails were purged after they received the notice of claim, America West has met its burden to establish reason to doubt, by adequate factual basis beyond mere speculation, the sufficiency of the State Defendants' production of these emails.  America West is not obligated to accept at face value the State Defendants' claim that each relevant, lost email was captured in the email accounts of other employees.  America West is entitled to limited "discovery on discovery" to explore this.  This "discovery on discovery" is limited to the lost emails, as America West did not establish the State Defendants purged working papers or bank business records after receiving the notice of claim.

Given the concerns implicated by "discovery on discovery," the discovery will be strictly limited to the purged former employee email accounts. No additional depositions are permitted. America West's proposed discovery request seeks fourteen interrogatories, more than half the total amount of interrogatories originally permitted for America West's entire case. (*See* Ex. 3 to Mot., Doc. No. 201-3; Scheduling Order, Doc. No. 39.) This is neither reasonable nor proportional given the limited nature of the "discovery on discovery" justified here. No more than a few, limited discovery requests are warranted. In light of this, the parties are ordered to meet and confer as how to best proceed. After this meeting and conferral, America West must serve the discovery requests on the State Defendants within thirty (30) days of this order.

## CONCLUSION

America West's motion, (Doc. No. 201), is GRANTED in part. America West may serve additional, limited, discovery requests on the State Defendants within thirty (30) days of this order.

DATED this 10th day of November, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge