IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMERICA WEST BANK MEMBERS, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF UTAH, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL** <br><br> Case No. 2:16-cv-326 <br><br> Judge Clark Waddoups |

Before the court is Plaintiff America West Bank Members' ("AWBM") motion seeking a stay of proceedings to enforce the court's taxation of costs pending appeal. (ECF No. 370.)

AWBM previously filed a similar motion, before costs were taxed, that also sought a stay of proceedings pending appeal. (*See* ECF No. 362.) In that motion, AWBM indicated that it was "willing to post a bond in an amount deemed appropriate by the Court." (*Id*. at 2.)

On July 20, 2023, the court, in a docket text order, denied AWBM's initial motion for a stay pending appeal, but indicated that AWBM "may obtain a stay of execution of, and proceedings to enforce, a Bill of Costs once it is entered by posting a bond approved by the court in accordance with Rule 62(b) of the Federal Rules of Civil Procedure." (ECF No. 363.)

Now, in the current motion, AWBM asks that the court waive Rule 62(b)'s requirement to provide a bond or other security in order to obtain a stay pending appeal based on AWBM's claimed insolvency.

For the reasons discussed further herein, the court concludes that AWBM has failed to demonstrate sufficient grounds for waiving Rule 62(b)'s security requirement and, therefore, denies the motion.

## Analysis

Rule 62(b) of the Federal Rules of Civil Procedure provides:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b).[1] While Rule 62(b) does not expressly grant the court authority to waive the requirement that a party seeking a stay provide a bond or other security, federal courts have frequently held that courts have discretion to waive the security requirement in appropriate circumstances. *See, e.g.*, *In re Nassau County Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) ("A district court therefore may, in its discretion, waive the bond requirement 'if the appellant provides an acceptable alternative means of securing the judgment.'") (citation omitted); *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) ("Responsibility for deciding whether to require a bond as a condition of staying execution of the judgment pending appeal is vested initially in the district judge, and we shall reverse his decision only if convinced that he has acted unreasonably." (citation omitted). *Cf. Miami Int'l Realty Co. v. Paynter*, 807

---

[1] In its motion, AWBM cites Rule 62(d) of the Federal Rules of Civil Procedure as the basis for seeking a stay. (*See* Mot. at 1-2, ECF No. 370.) Rule 62(d), however, only applies "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction." Because no such order or final judgment has been entered in this case, Rule 62(d) is inapplicable. According, the court will assume, for the sake of argument, that AWBM's reliance on Rule 62(d) was in error and that AWBM is actually seeking relief under Rule 62(b).

F.2d 871, 874 (10th Cir. 1986) (district court "did not err in granting a stay without a supersedeas bond for the full amount of Miami's judgment").

The rationale for Rule 62(b)'s bond requirement is "to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Grubb v. Fed. Deposit Ins. Corp.*, 833 F.2d 222, 226 (10th Cir. 1987) (citation omitted). Thus, courts generally find it appropriate to waive the bond requirement when a party "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of the appeal." *See Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Alternatively, courts have waived Rules 62(b)'s security requirement where a party can show that its "present financial condition is such that posting a full bond would impose an undue financial burden." *Id*.

In *Dillon v. City of Chicago*, the Seventh Circuit identified five factors that should be considered when evaluating a request to waive Rule 62(b)'s bond requirement: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. 866 F.2d at 904. This court has frequently relied on the *Dillon* factors to determine when a waiver of Rule 62(b)'s security requirement is appropriate. *See, e.g.*, *ESIP SERIES I, LLC v. Doterra Int'l, LLC*, Case No. 2:15-cv-00779-RJS-DBP at *4

(D. Utah June 27, 2023) (unpublished) (concluding that *Dillon* factors, rather than traditional stay factors, should be considered in the context of considering a Rule 62(b) bond waiver); *Becker v. Ute Indian Tribe of Uintah & Ouray Reservation*, Case No. 2:16-cv-00958-TC, 2022 WL 1403090 at *3, (D. Utah May 4, 2022) (unpublished) (applying *Dillon* factors); *Felders v. Bairett*, Case No. 2:08-cv-993 CW, 2017 WL 11639177 at *1 (D. Utah Feb. 23, 2017) (unpublished) (denying waiver of bond requirement where not supported by *Dillon* factors).

Here, neither party addresses any of the *Dillon* factors in their briefing. Instead, AWBM argues only that waiver of Rule 62(b)'s security requirement is appropriate because AWBM is insolvent.[2] (*See* Mot. at 3-4, ECF No. 370.) AWBM's claim of insolvency is supported only by a conclusory declaration submitted by AWBM's chairman, Doug Durbano. (*See* ECF No. 370 at pp. 7-8.)

Defendants oppose waiver of the bond requirement, arguing, first, that the court already determined that a bond was required when it denied AWBM's initial motion to stay and, second, that AWBM's claimed inability to post security under Rule 62(b) is disingenuous given the substantial costs and attorneys' fees AWBM has incurred in pursuing this litigation and continues to incur by pursuing its appeal.

The court need not wade into the dispute regarding whether AWBM has the ability to obtain the resources needed to post security under Rule 62(b), because, even if the court assumes

---

[2] Confusingly, AWBM argues that its insolvent status constitutes "a present financial ability to respond to the judgment that is likely to continue," which should justify waiver of a bond. (Mot. at 3.) AWBM has things entirely backwards. Evidence of AWBM's insolvency does not demonstrate a present *ability* to satisfy a judgment—it demonstrates AWBM's *inability* to satisfy the cost judgment entered against it. The case law cited by AWBM, therefore, does not support waiver of Rule 62(b)'s security requirement based on insolvency alone.

that AWBM is insolvent, AWBM has not met its burden of demonstrating that grounds exist for a waiver.

None of the first four *Dillon* factors support waiving Rule 62(b)'s security requirement. AWBM's claim of insolvency demonstrates that, should the court's judgment be sustained on appeal, any efforts by Defendants to collect on its cost judgment are likely to be complex and time-consuming. Thus, the first two factors weigh against waiving security in this instance.

Moreover, AWBM's claim of insolvency obviously undermines any confidence in AWBM's access to funds to satisfy a judgment and demonstrates that the cost of security would not be a waste. Thus, the third and fourth factors also clearly weigh against waiving Rule 62(b)'s security requirement.

AWBM has also failed to show that the fifth *Dillon* factor supports waiving Rule 62(b)'s security requirement in this case. While AWBM's claimed insolvency might be sufficient to show that it is in a "precarious financial situation," AWBM has offered no evidence regarding any other creditors or demonstrated that requiring security in this case would put any potential creditors in a more precarious position than they are currently in. If AWBM's claim of insolvency is credited, allowing Defendants to engage in collection efforts will be unsuccessful and neither AWBM nor its creditors will be harmed in any way. Thus, a stay pending appeal would be entirely futile. *See Arabalo v. City of Denver*, Civ. Action No. 11-cv-02343-MSK-MEH, 2014 WL 4980298 at *2 (D. Colo. Oct. 6, 2014) (unpublished) (refusing to waive Rule 62(b)'s security requirement where party seeking stay claimed to be "utterly insolvent and thus, it [was] highly unlikely that the Defendants [would] undertake any efforts to enforce a judgment against her").

Because AWBM has failed to demonstrate that a waiver of Rule 62(b)'s security requirement would be justified under any of the *Dillon* factors, the court must deny AWBM's current motion for a stay pending appeal. AWBM is, of course, permitted to continue pursuing its appeal, but it cannot prevent Defendants from pursuing appropriate efforts to collect on their cost judgment during that appeal, while at the same time forcing Defendants to incur additional costs, without providing some security that the cost judgment can be satisfied. AWBM also continues to have the right to obtain a stay of enforcement action by providing security as required by Rule 62(b). Such a stay would be effective upon approval of the security by the court. *See* Fed. R. Civ. P. 62(b).

## Conclusion

For the reasons stated herein, AWBM's motion for a stay pending appeal without providing security is denied.

SO ORDERED this 17th day of April, 2024.

BY THE COURT:

_____
Clark Waddoups
United States District Judge